## Frederick Rabbermann v. Commissioners of Highways of Town of Alhambra.

1. Errors—*when, deemed waived.* Errors assigned but not noticed in brief or argument are waived or abandoned.

2. Plat—*when jury has right to consider.* Where a plat has been taken by the jury to its room without objection and the same was during the trial, in all respects, treated by all parties as properly in evidence, no objections can subsequently be urged that the same was not formally in evidence.

Action commenced before justice of the peace. Appeal from the Circuit Court of Madison County; the Hon. Charles T. Moore, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

Charles E. Gueltig, for appellant.

Terry & Williamson, for appellee.

Mr. Presiding Justice Creighton delivered the opinion of the court.

This was an action by appellee against appellant, commenced before a justice of the peace of Madison county, to recover the penalty prescribed by statute for obstructing a public highway. From the judgment of the justice an appeal was prosecuted to the Circuit Court, where the case was tried by a jury, resulting in a verdict and judgment in favor of appellee for $10.

Appellant's counsel has assigned upon the record a very great number of supposed errors, but he points out in his brief and argument only those that pertain to the weight of the evidence and those that pertain to a certain plat and the fact that the plat was taken by the jury into the jury room, without having been formally offered and admitted in evidence. No complaint is made in the brief or argument as to the admission or rejection of evidence or the giving or refusing of instructions. "Errors assigned upon the record by appellant, but not noticed in his brief and argument, are waived or abandoned." Ill. Cyc. Digest, vol. 1, p. 411, col. 2.

The plat complained of is one made by a surveyor about two years before the trial in the Circuit Court. On this plat were noted certain monuments and measurements, relative to the locality in question. The maker of the plat was a witness on behalf of appellee; he identified the plat, and used it before the jury in giving his testimony, and it was otherwise used and referred to during the trial. To this no objection was interposed. The record does not show that the plat was formally offered in evidence, and it does show that when the jury retired it was taken by them along with other papers. When this was done appellee's attorneys thought it had been admitted in evidence, and appellant's attorney was present and knew that it was taken by the jury and made no objection. The evidence shows that the plat with the measurements as noted thereon was such as might properly have been admitted in evidence and taken by the jury, and the record shows that it was treated during the trial and at its conclusion as though it had been offered and admitted, and this without any objection on the part of appellant or his attorney at any stage of the proceeding, until after the verdict had been returned. Under such circumstances it cannot be held that the fact that the jury had the plat with them during their consideration of the case, was cause for granting a new trial in the Circuit Court.

As to the state of the evidence, we find no ground for reversal. In our opinion it clearly supports and sustains the verdict.

The judgment of the Circuit Court is affirmed.

*Affirmed.*